Opinion
ROBERSON, P. J.
Appellant contests the judgments of the trial court finding him guilty of various parking violations of the Los Angeles Municipal Code.
I, II*
III
Appellant contends that Vehicle Code section 42001, subdivision (a) does not apply to parking violations.[3] Appellant contends that Penal Code section 1463 (disposition of fines and forfeitures collected in municipal courts) does not include enhancements within the definition of “total parking penalty” and therefore the Legislature did not intend to include parking violations within the reach of Vehicle Code section 42001. Appellant’s argument is totally without merit. First, Penal Code section 1463 deals solely with distribution of parking fines, and does not even discuss what fine may be imposed for a parking violation. Second, Vehicle Code section 42001 states plainly on its face that any violation of the Vehicle Code or any ordinance adopted pursuant to the Vehicle Code may be subjected to a fine not to exceed $100. “The fundamental rule of statutory interpretation is to ‘ “ascertain the intent of the Legislature so as to effectuate the purpose of the law.” ’ [Citation.] In determining intent, the court looks first to the words themselves. [Citation.] ‘When the language is clear and unambiguous, there is no need for construction.’ [Citation.] The court will decline to follow *Supp. 18 the plain meaning of a statute only when to do so would inevitably frustrate the manifest purposes of the legislation as a whole or lead to absurd results. [Citation.]” (In re Ge M. (1991) 226 Cal.App.3d 1519, 1522-1523 [277 Cal.Rptr. 554].) We cannot agree with appellant’s assertion that using the plain wording of Vehicle Code section 42001, subdivision (a), would frustrate the purpose of the statute or lead to absurd results. Accordingly, the trial court was free to impose any fine it found to be appropriate, up to $100. There is no evidence in this case that the trial court abused that discretion.
Appellant further contends that the $100 fine imposed by the court under Vehicle Code section 42001 violates his constitutional rights under the Fourteenth Amendment to the United States Constitution because it penalizes the exercise of his fundamental right to a trial. Appellant states that if he merely pled guilty and paid the fine he would have been subjected to a fine substantially less than the $100 he faced by pleading not guilty and proceeding to trial. He contends that the option to pay a minimum penalty in exchange for abandoning his constitutional right to trial has a chilling effect on the exercise of that right by threatening a greater penalty if convicted after trial.
This argument is also without merit. Many cases have recognized that “[w]hile confronting a defendant with the risk of more severe punishment clearly may have a ‘discouraging effect on the defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable’—and permissible—‘attribute of any legitimate system which tolerates and encourages the negotiation of pleas.’ [Citation.]” (Bordenkircher v. Hayes (1978) 434 U.S. 357, 364 [54 L.Ed.2d 604, 611-612, 98 S.Ct. 663].) As the United States Supreme Court stated in another case: “We have squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea.” (Corbitt v. New Jersey (1978) 439 U.S. 212, 219 [58 L.Ed.2d 466, 474, 99 S.Ct. 492].) California courts have similarly recognized that “under appropriate circumstances a defendant may receive a more severe sentence following trial than he would have received had he pleaded guilty; the trial itself may reveal more adverse information about him than was previously known.” (In re Lewallen (1979) 23 Cal.3d 274, 281 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].) The trial court in this case was presented with evidence at trial adverse to appellant which indicated that the increased fine was suitable. The prosecutor stated to the court, when requesting an increased fine, that appellant had suffered numerous convictions for parking violations and that the increased fine was therefore appropriate. The court then agreed and imposed a fine of $100.
*Supp. 19 IV, V*
VI
The judgments are affirmed.
Soven, J., and Watai, J., concurred.

See footnote, ante, page Supp. 15.

Vehicle Code section 42001, subdivision (a) states in pertinent part;
“[E]very person convicted of an infraction for a violation of this code or of any local ordinance adopted pursuant to this code shall be punished as follows:
“(1) By a fine not exceeding one hundred dollars ($100) . . . .”
This subdivision lists certain Vehicle Code sections which are exempted from this schedule of fines. Parking violations are not included among those violations specifically exempted under this section.

See footnote, ante, page Supp. 15.